**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE: RARE BREED TRIGGERS PATENT LITIGATION** | § § | **MDL No. 3176** |
| | § § | **Civil Action No. 4:26-md-03176-ALM** |
| **THIS DOCUMENT RELATES TO:** | § § | Judge Amos L. Mazzant III |
| ABC IP, LLC, RARE BREED TRIGGERS, INC., and RBTM LLC, | § § | Member Case No. 4:26-cv-01018-ALM |
| Plaintiffs, | § § | (Transferred from the United States District Court for the Middle District |
| v. | § § | of Tennessee, No. 2:26-cv-00038, by J.P.M.L. Conditional Transfer Order |
| STARK80 LLC d/b/a STARK80 and JEREMIAH WILLIAMSON, | § § § | CTO-6, ECF No. 32, entered August 4, 2026) |
| Defendants. | § | JURY TRIAL DEMANDED |

**DEFENDANT JEREMIAH WILLIAMSON'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e)**

TO THE HONORABLE AMOS L. MAZZANT III, UNITED STATES DISTRICT JUDGE:

Defendant Jeremiah Williamson ("Mr. Williamson"), appearing individually and for himself alone and not on behalf of co-defendant Stark80 LLC, moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss all twelve Counts of Plaintiffs' Complaint as to him, and, in the alternative, moves under Rule 12(e) for a more definite statement. In support, Mr. Williamson respectfully shows the Court as follows:

## I. INTRODUCTION

Plaintiffs filed a 231-page Complaint asserting nine patents and three trademark and unfair-competition counts. In all of those pages, Mr. Williamson's name appears three times: once in the caption, once in the introductory sentence that defines "Defendants" collectively, and once in

paragraph 5. Paragraph 5 alleges, on information and belief and without a single supporting fact, that Mr. Williamson "is the owner and/or proprietor of Stark80." Compl. ¶ 5.

That is the entirety of the pleading against him. The Complaint does not allege that Mr. Williamson made anything, used anything, sold anything, offered anything for sale, or imported anything. It does not allege that he operates a website, publishes advertising, or uses any mark. Every substantive averment in the Complaint is directed at "Defendants" as an undifferentiated pair, and every item of supporting material is Stark80's: the screenshots at paragraphs 25, 57 and 61 are of *www.stark80.com*; the disclaimer language on which Plaintiffs rest their knowledge and willfulness allegations appears on Stark80's website; and the instruction manual attached as Exhibit J is Stark80's document.

Plaintiffs' theory, reduced to its terms, is that an individual may be held liable for nine patents and three trademark counts because they believe he owns the limited liability company that is the real defendant. That is not a theory of infringement. It is a conclusion about corporate ownership, and even if it were true, it would not make Mr. Williamson liable for Stark80's conduct. Because Plaintiffs have pleaded no act by Mr. Williamson, no facts supporting the ownership conclusion, and no basis to disregard Stark80's separate existence, the Complaint fails to state any claim against him and should be dismissed.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

Pursuant to Local Rule CV-7(a)(1), the issues to be decided are:

1. Whether a complaint states a claim against an individual defendant when it never alleges a single act taken by that defendant and instead attributes all conduct to "Defendants" collectively.

2. Whether an allegation, made on information and belief and unsupported by any facts, that an individual "is the owner and/or proprietor" of a co-defendant limited liability company states a claim against that individual for the company's alleged infringement.
3. Whether the induced-infringement, contributory-infringement, and willfulness allegations state a claim against an individual defendant when the sole knowledge alleged is language appearing on a co-defendant's website.
4. Whether Counts X, XI, and XII state a claim against an individual defendant when the only alleged use of the FRT Marks as a source identifier is on a co-defendant's website.
5. In the alternative, whether Plaintiffs should be required under Rule 12(e) to replead so as to identify separately the acts attributed to each Defendant.

## III. FACTUAL BACKGROUND AS PLEADED

Plaintiffs ABC IP, LLC, Rare Breed Triggers, Inc., and RBTM LLC filed this action on June 13, 2026, in the United States District Court for the Middle District of Tennessee. Compl. at 1. ABC IP is pleaded as the owner by assignment of the nine Asserted Patents. *Id.* ¶ 20. RBTM is pleaded as the owner of the FRT Marks, and Rare Breed as the exclusive licensee of both the Asserted Patents and the FRT Marks. *Id.* ¶¶ 21–22.

Counts I through IX allege direct, induced, and contributory infringement of U.S. Patent Nos. 12,038,247; 12,031,784; 12,529,538; 12,578,159; 10,514,223; 11,724,003; 12,036,336; 12,274,807; and 12,636,403, and allege that the infringement is willful. Counts X, XI, and XII allege federal trademark infringement under 15 U.S.C. § 1114(1), false designation of origin under 15 U.S.C. § 1125(a), and common-law trademark infringement and unfair competition.

The accused products are identified as "the Super Safety, MARC Selector, ARC-Fire, and Kabuto." *Id.* ¶ 66. Each is charted against the asserted claims using images and descriptions drawn from *www.stark80.com*. *Id.* ¶¶ 25, 57, 61 & Exs. A–J.

As to Mr. Williamson, the Complaint pleads the following, and nothing else:

> Upon information and belief, Williamson is an individual residing at 1872 Jennings Creek Hwy, Gainesboro, TN 38562, and is the owner and/or proprietor of Stark80.

Compl. ¶ 5.[1]

The Complaint contains no allegation that Mr. Williamson manufactured, used, sold, offered for sale, or imported any accused product; no allegation that he directed, controlled, or participated in any act of Stark80; no allegation that he owns, operates, or contributes content to *www.stark80.com*; no allegation that he used the FRT Marks or any other mark in commerce; and no facts of any kind supporting the assertion that he owns Stark80.

On August 4, 2026, the Judicial Panel on Multidistrict Litigation transferred the action to this Court under 28 U.S.C. § 1407 by Conditional Transfer Order CTO-6. J.P.M.L. ECF No. 32.

## IV. LEGAL STANDARD

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and a court is "not

[1] Mr. Williamson does not own, and has never owned, any interest in Stark80 LLC. He is not its member, manager, officer, employee, agent, or registered agent, and his only dealings with it were the purchase, at retail, of a few of the accused products. He swore to these facts in an affidavit furnished to Plaintiffs' counsel on July 22, 2026, before this action was transferred to this Court. Mr. Williamson states this for context only. He does not ask the Court to consider any matter outside the pleadings in deciding this motion, and he recognizes that for present purposes the allegations of the Complaint, including paragraph 5, are taken as true. *See* Fed. R. Civ. P. 12(d). The motion is properly resolved on the face of the Complaint, which fails to state a claim against Mr. Williamson whether or not paragraph 5 is true.

bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Rule 12(b)(6) is a procedural question not unique to patent law, so the law of the regional circuit governs. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Pleading a claim of patent infringement nonetheless requires factual allegations sufficient to place each accused infringer on notice of what it is alleged to have done. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021); *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018).

## V. ARGUMENT

### A. The Complaint alleges no act by Mr. Williamson and therefore states no claim against him.

Rule 8 requires that a complaint give each "defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation omitted). The obligation is defendant-specific. The pleading must support an inference that *this* defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. A complaint that lumps multiple defendants together and attributes undifferentiated conduct to all of them does not satisfy that requirement.

This Complaint does not merely blur the line between Defendants. It never draws one. Outside the caption and the definitional sentence, Mr. Williamson is mentioned exactly once, at paragraph 5, and that paragraph says nothing about conduct. Every operative allegation — that "Defendants" make, use, sell, offer for sale, and import the accused products (*e.g.*, ¶ 66); that "Defendants" added language to "their website" (*e.g.*, ¶¶ 25, 75); that "Defendants" advertise products as "FRT" at *www.Stark80.com* (¶ 61) — describes acts that the Complaint's own exhibits attribute to Stark80 LLC, a separate legal person.

Plaintiffs cannot plead a claim against an individual by naming him in a caption and then describing someone else's conduct. Nine patent counts and three trademark counts cannot rest on three references, two of which are definitional. Counts I through XII should be dismissed as to Mr. Williamson on this ground alone.

**B. The bare allegation that Mr. Williamson owns Stark80 does not state a claim against him.**

Paragraph 5 fails for two independent reasons.

First, it is a conclusion, not a fact. Plaintiffs allege "upon information and belief" that Mr. Williamson "is the owner and/or proprietor of Stark80," and they offer nothing else — no formation document, no filing, no officer or member designation, no financial relationship, no transaction, no communication. Pleading on information and belief is permissible where the facts are peculiarly within the opposing party's possession and the pleading sets forth the factual basis for the belief. It is not a license to assert a bare conclusion. Under *Iqbal*, an assertion of this kind is entitled to no presumption of truth. 556 U.S. at 678–79. Nor does the Complaint identify any source from which the stated belief was drawn — no filing, no record, no communication, no transaction, no document of any kind. It recites the conclusion and stops.

Second, and dispositively, ownership is not a theory of liability. A member, officer, or "proprietor" of a limited liability company is not personally liable for the company's infringement by virtue of that status. Personal liability attaches only where the individual personally participated in or actively assisted the infringing acts, or where the record supports disregarding the entity. *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552–53 (Fed. Cir. 1990). Corporate separateness is the rule, not the exception. *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337 (1925).

The Complaint pleads neither path. It does not allege that Mr. Williamson participated in any act of Stark80. And it pleads no alter-ego facts whatever: no commingling of funds, no undercapitalization, no disregard of corporate formalities, no domination or control, no use of the entity to perpetrate a fraud. Plaintiffs have alleged a status and asked the Court to supply the liability. Rule 8 does not permit that.

### C. The indirect-infringement and willfulness allegations fail because the only knowledge pleaded is a co-defendant's.

Induced infringement under 35 U.S.C. § 271(b) requires knowledge of the asserted patent and knowledge that the induced acts constitute infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). Contributory infringement under § 271(c) requires comparable knowledge that the component is especially made for an infringing use and is not a staple article suitable for substantial noninfringing use. Enhanced damages for willfulness likewise turn on the defendant's own subjective culpability. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016).

The Complaint pleads knowledge in a single formulation, repeated verbatim in each of the nine patent counts:

> Defendants have known or should have known that their actions constituted and continue to constitute infringement . . . at least when the language referencing Plaintiffs was added to their website and/or through the service of Plaintiffs' Complaint.

Compl. ¶ 75; *accord* ¶¶ 92, 106, 123, 137, 151, 165, 178, 196.

The website is *www.stark80.com*. The Complaint alleges no connection between Mr. Williamson and that website other than the ownership conclusion in paragraph 5. Strip paragraph 5 — as *Iqbal* requires — and there is no allegation that Mr. Williamson knew of any Asserted Patent before this suit, much less that he knew his conduct infringed. Knowledge acquired through

service of the Complaint cannot support pre-suit indirect infringement or willfulness for conduct that had already ceased.

Accordingly, even if any direct-infringement allegation were held sufficient, the § 271(b), § 271(c), and willfulness theories must be dismissed as to Mr. Williamson.

**D. Counts X, XI, and XII fail because the only alleged use of the FRT Marks is on Stark80's website.**

Each of Counts X, XI, and XII requires use of the marks in commerce by the defendant against whom the claim is asserted. The Complaint locates that use in one place: "Defendants are advertising their products as 'FRT' as shown at: www.Stark80.com." Compl. ¶ 61; *accord* ¶¶ 209, 217, 226. There is no allegation that Mr. Williamson maintains that website, contributed to it, or otherwise used "FRT" or any FRT-formative term as a source identifier in commerce.

Count X depends additionally on federal registration. 15 U.S.C. § 1114(1) reaches use "in connection with the sale . . . of any goods" of a *registered* mark. On the face of Plaintiffs' own table, most of the pleaded registrations issued in the spring of 2026 — Reg. No. 8187914 on March 24, 2026; Reg. No. 8225451 on April 21, 2026; and Reg. Nos. 8232405 and 8232406 on April 28, 2026 — and two of the pleaded FRT-formative marks remain pending applications with no registration at all. Compl. ¶ 21. Count X states no claim as to any conduct predating the corresponding registration, and states no claim at all as to the unregistered applications.

Finally, the Complaint pleads Stark80's own disclaimer into the record, and that disclaimer states that the products are "independently designed and manufactured," that the terms "FRT" and "Rare Breed Triggers" are used "strictly for descriptive, informational, and search-related purposes," that such use "is made in a nominative and descriptive manner only," and that "[a]ll trademarks, trade names, and brand names are the property of their respective owners." Compl. at 6. Plaintiffs' own exhibit thus negates the source-identifying use their claims require.

**E. In the alternative, Plaintiffs should be required to replead under Rule 12(e).**

If the Court declines to dismiss, Mr. Williamson respectfully requests an order under Rule 12(e) directing Plaintiffs to replead so as to state separately, as to each Defendant, the acts alleged to constitute infringement, the acts alleged to constitute use of the FRT Marks, and the facts alleged to establish knowledge. As pleaded, Mr. Williamson cannot frame a responsive pleading. He cannot admit or deny allegations that do not identify whose conduct is described.

## VI. RESERVATION OF RIGHTS

This action reached this Court by transfer under 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings only. Mr. Williamson expressly preserves his right to remand to the Middle District of Tennessee for trial. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40–41 (1998). He further objects to, and does not waive any objection to, consolidation of this action for trial with any other action in this MDL. 35 U.S.C. § 299(a), (c). Mr. Williamson does not waive, and expressly reserves, all defenses available to him, including those under Rule 12(b) not required to be asserted in this motion.

## VII. CONCLUSION AND PRAYER

For the foregoing reasons, Defendant Jeremiah Williamson respectfully requests that the Court dismiss Counts I through XII of the Complaint as to him under Rule 12(b)(6); alternatively, that the Court dismiss the induced-infringement, contributory-infringement, and willfulness allegations within Counts I through IX as to him, and dismiss Counts X, XI, and XII as to him; alternatively, that the Court order Plaintiffs to replead under Rule 12(e); and that the Court grant Mr. Williamson such other and further relief to which he may be justly entitled.

Respectfully submitted,

/s/ H. Dale Langley, Jr.

H. Dale Langley, Jr.
Texas Bar No. 11918100
THE LANGLEY LAW FIRM, P.C.
3345 Bee Caves Road, Suite 104
Austin, Texas 78746
Telephone: (512) 477-3830
Facsimile: (866) 735-9129
Email: dlangley@iptechlaw.com

**ATTORNEYS FOR DEFENDANT JEREMIAH WILLIAMSON**

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who have consented to electronic service.

/s/ H. Dale Langley, Jr.
H. Dale Langley, Jr.