**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, RARE BREED TRIGGERS, INC., and RBTM LLC,<br>Plaintiffs,<br>v.<br>STARK 80 LLC d/b/a STARK80,<br>Defendant. | Civil Action No. 4:26-cv-01018-ALM<br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT ADDING MIGUEL PABLO ANDERT AS A DEFENDANT**

Stark80 has a single member, Miguel Pablo Andert. He ran Stark80 as a home business in California for years before he formed a Wyoming LLC in April 2025. (Prop. Am. Cmplt. ¶¶ 5–6, 76–78.) He designs Stark80's products (infringing Plaintiffs' patents), he names Stark80's products (infringing Plaintiffs' trademarks), and two months after this suit was filed he reported having "like 700 [infringing products] ready to go." (*Id.* ¶ 80.) Plaintiffs ask leave to add him as a defendant.

Plaintiffs originally sued Stark80 along with Jeremiah Williamson, whom they believed owned and operated the LLC. During the course of settlement discussions for Williamson's personal infringing conduct, Plaintiffs came to believe that Williamson is not the principal of Stark80, and so Plaintiffs dismissed him. (Dkt. 44.)

After further investigation, Plaintiffs have determined Andert is the true principal behind Stark80. The allegations against Andert in the Proposed Amended Complaint identify the LLC's

organizing record, the public records that links Andert to the LLC's Wyoming address, and Andert's own written statements about Stark80's business, its products, and Plaintiffs' patents.

The motion is filed by the Court's deadline to add parties. (MDL Dkt. 84, at 1.) Stark80 opposes it only on the ground that the proposed pleading could not allege enough facts connecting Andert to the infringement. Stark80 is incorrect.

Pursuant to Local Rule CV-7, Plaintiffs submit a proposed order herewith.[1]

## BACKGROUND

***The case.*** Plaintiffs filed this action in the Middle District of Tennessee on June 13, 2026, asserting nine patents and three trademark counts against Stark80 and Jeremiah Williamson. (Dkt. 1.) The Judicial Panel on Multidistrict Litigation transferred the action to this Court for pretrial proceedings in MDL No. 3176. (*See* Dkt. 23.) Stark80 answered and counterclaimed on August 17, 2026 (Dkt. 25), and Plaintiffs answered the counterclaims on September 8, 2026 (Dkt. 31).

***The dismissed defendant.*** The original Complaint alleged that Williamson "is the owner and/or proprietor of Stark80." (Dkt. 1 ¶ 5.) Williamson moved to dismiss, stating that he has never owned any interest in Stark80 and has dealt with it only as a retail customer. (Dkt. 33 at 4 n.1.) Williamson disclosed infringing acts to Plaintiffs. After several weeks of attempting to reach settlement as to his individual infringement, Plaintiffs dismissed him without prejudice from this case on November 17, 2026. (Dkt. 44.)

***Identifying Stark80's owner.*** Stark80 does not make its owner easy to find. It is a Wyoming LLC, and the only address it gives for itself is a suite at a Sheridan, Wyoming registered-agent address. (Dkt. 25, Countercl. ¶ 1; Prop. First Am. Cmplt. ¶ 75.) Plaintiffs identified Miguel

[1] The proposed First Amended Complaint is cited as "Prop. First Am. Cmplt." Citations to the docket for *In re Rare Breed Triggers Patent Litigation*, No. 4:26-md-3176-ALM (E.D. Tex.), are abbreviated "MDL Dkt."

Pablo Andert as Stark80's owner using Stark80's public social media posts, publicly-accessible records, and communications produced by Williamson.

***The proposed pleading.*** The proposed First Amended Complaint alleges four sets of facts about Andert.

*He is Stark80's owner.* Stark80 LLC was organized in Wyoming on April 26, 2025; its Initial Resolutions name a single member, whose first name is "Miguel." (Prop. First Am. Cmplt. ¶ 74.) Andert's legal name is Miguel Pablo Andert, and in August 2025 consumer records associated him with a mailbox at the same Sheridan registered-agent address Stark80 uses. (*Id.* ¶¶ 6, 75.) Writing as "Stark80" in August 2026, Andert said that "Miguel I rarely use, every thing else is in a different name." (*Id.* ¶ 79.) And when asked about Stark80's connection to Arizona, he explained that Stark80 advertises in "local" Mohave County groups; credit-reporting records have associated Andert with an address in Fort Mohave, Mohave County, since January 2025. (*Id.*)

*He ran Stark80 himself before the LLC existed.* By September 2019, Stark80 was selling firearm parts online as an "Adelanto California based home business," which public records confirm aligns with the time that Andert lived in Adelanto. (*Id.* ¶ 76.) Andert has written that he "didn't absorb a lot of parts into the LLC correctly from being a sole proprietor." (*Id.* ¶ 78.) Stark80 calls itself the "Original & Longest Running Super Safety Vendor," and Stark80 LLC was raising money for Super Safety litigation just seven weeks after it was organized. (*Id.* ¶ 77.)

*He still runs it personally.* Andert proposed to sell inventory he never transferred to the LLC at gun shows and "put them into the company as cash," recording a $200 price "instead of the usual 100$ and then offset it like that." (*Id.* ¶ 78.)

*He designs the accused products and knows they are accused.* Andert wrote that "[t]he machinist and I work on designs"; that Stark80's own Kabuto would be named the "FU'RB," a

name he said could stand for an expletive directed at "rare breed"; and that "[w]e defeat their patents on the super safety and it automatically knocks out the kabuto case." (*Id.* ¶ 80.) On August 12, 2026, nearly two months after this suit was filed, he reported having "like 700 AR SS ready to go." (*Id.*)

***The schedule.*** On October 27, 2026, the Court entered a Patent Scheduling Order that governs every member action, including this one. (MDL Dkt. 84, at 5.) It set November 19, 2026, as the deadline to add parties and January 14, 2027, as the deadline for final amended pleadings. (*Id.* at 1–2.) Fact discovery closes July 9, 2027, and the claim construction hearing is set for May 24, 2027. (*Id.* at 2–3.)

## LEGAL STANDARD

After the window to amend as of right closes, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which courts "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court must possess a 'substantial reason' to deny a request." *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). The court considers "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.* (quoting *Smith*, 393 F.3d at 595); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

A proposed amendment is futile only if it would fail to state a claim; the Court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (quotation omitted). A claim meets that standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In a patent case, joinder of accused infringers also requires that the claims relate to "the same accused product or process." 35 U.S.C. § 299(a)(1). The Court may add a party "at any time, on just terms." Fed. R. Civ. P. 21.

## ARGUMENT

### A. The proposed pleading states a claim against Andert.

Stark80's only objection is futility, so the question is whether the proposed pleading, taken as true, plausibly alleges that Andert is liable. It does, on multiple independent theories, each resting on facts about Andert himself.

#### 1. Andert is directly liable for at least what he sold before Stark80 LLC existed.

The usual question about an owner's liability is whether the company shields him. The corporate form "shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'" *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010). That question does not arise for sales made before there was a company.

Stark80 LLC was organized on April 26, 2025. (Prop. First Am. Cmplt. ¶ 74.) Stark80 had been selling firearm parts since at least 2019, as a "home business" in Adelanto, California, where Andert lived. (*Id.* ¶ 76.) Andert himself describes that period as one in which he was "a sole proprietor." (*Id.* ¶ 78.) And the proposed pleading alleges that Stark80 sold Super Safety family products during that period, consistent with its claim to be the "Original & Longest Running Super Safety Vendor." (*Id.* ¶ 77.) Whoever "sells" a patented invention infringes. 35 U.S.C. § 271(a). A

sole proprietor's sales are his own. Six of the Patents-in-Suit issued before April 26, 2025, and Andert answers directly for any infringing sales of them he made before then. (Prop. First Am. Cmplt. ¶ 77.)

**2. Andert at least induced Stark80's infringement after he formed the LLC.**

Forming the LLC did not take Andert out of the business. Under § 271(b), "corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement *regardless* of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) (emphasis in original); *accord Wordtech*, 609 F.3d at 1316. The officer must have "*knowingly* induced infringement." *Manville*, 917 F.2d at 553. The proposed pleading alleges both active assistance and knowledge with Andert's own words.

*Active assistance.* Andert designs Stark80's products: "[t]he machinist and I work on designs." (Prop. First Am. Cmplt. ¶ 80.) He holds the inventory, including "like 700 AR SS ready to go." (*Id.*) He decides what Stark80 sells and how, down to how unsold inventory will be moved and booked. (*Id.* ¶¶ 72, 78.)

*Knowledge and intent.* Andert knows Plaintiffs' patents are asserted against Stark80's products, and he has a view about how the case will come out: "We defeat their patents on the super safety and it automatically knocks out the kabuto case." (*Id.* ¶ 80.) He gave Stark80's own Kabuto product a name he said could stand for an expletive directed at Rare Breed. (*Id.*) Stark80's website, which he controls, ties Stark80 to the defense of the Super Safety's designer, who was preliminarily enjoined on February 11, 2026, under the '247 and '784 patents. (*Id.* ¶¶ 72, 84.) And after this suit was served, he kept stocking the accused Super Safety. (*Id.* ¶¶ 80, 86.) Those facts

make it plausible that Andert knew of the patents and intended that the accused products be made, sold, and used as claimed.

### 3. Andert is directly liable due to his direction of, control of, and intermingling with Stark80.

Finally, Andert is directly liable for his conduct directing and controlling the operation of Stark80 to infringe Plaintiffs' patents and trademarks. According to Andert, he "didn't absorb a lot of parts into the LLC correctly from being a sole proprietor," but he continues to sell them "at the gun shows and put them into the company as cash." (Prop. First Am. Cmplt. ¶ 78.) Andert further comingles individual and entity sales, explaining: "I just say I sold the kits at 200$ locally instead of the usual 100$ and then offset it like that." (*Id.*) Under these circumstances, Stark80's infringing conduct can be attributed to Andert under controlling Wyoming law. *GreenHunter Energy, Inc. v. W. Ecosystems Tech., Inc.*, 2014 WY 144, ¶ 21, 337 P.3d 454, 461 (Wyo. 2014) ("[T]he requirements for piercing the veil of a limited liability company[] focus[] on four factors: 1) fraud; 2) inadequate capitalization; 3) failure to observe company formalities; and 4) intermingling the business and finances of the company and the member to such an extent that there is no distinction between them.").

Stark80 may attempt to fault Plaintiffs' allegations made on information and belief. Those allegations are still sufficient to state a claim, because the Fifth Circuit accepts pleading on information and belief "where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Both conditions hold. Stark80's ownership does not appear in its public filings,

and what remains on information and belief is anchored in the LLC's organizing record, public records, and Andert's own statements. (Prop. First Am. Cmplt. ¶¶ 74–80.)

**B. Andert is properly joined.**

The claims against Andert arise from the same transactions as the claims against Stark80: the making, offering, and sale of the same five accused product families through the same channels. (Prop. First Am. Cmplt. ¶¶ 32–61, 70–80.) Fed. R. Civ. P. 20(a)(2)(A); 35 U.S.C. § 299(a)(1). The claims are asserted against both jointly and severally, and every question about infringement, validity, the volume of sales, and damages is common to both. Fed. R. Civ. P. 20(a)(2)(B); 35 U.S.C. § 299(a)(2). Joining Andert here lets one court decide both whether Stark80's products infringe and who answers for it.

Any objection Andert may have to personal jurisdiction or venue is his to raise in his own Rule 12 motion once he is a party. It is not a ground on which Stark80 has opposed this motion, and it is not a reason to withhold leave.

**C. No other factor weighs against leave.**

***No undue delay.*** A motion filed by the scheduling-order deadline is, "on its face, . . . timely and evidence[s] no prejudice to the other parties or potential to delay the proceeding." *SGIC*, 839 F.3d at 428 (quoting *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994)). And "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). Having once named the wrong person, Plaintiffs did not name a second individual until they had corroborated the identification, evidencing due diligence, not undue delay.

***No bad faith.*** Plaintiffs named the person they believed owned Stark80, dismissed him once he showed otherwise, and now name the person Stark80's records and statements identify.

***No repeated failure to cure.*** This is Plaintiffs' first amendment.

***No undue prejudice.*** Stark80 has already answered the same patent claims. (Dkt. 25.) Adding Stark80's owner adds no new product, patent, or claim against Stark80, and Andert's documents and testimony are Stark80's. Furthermore, fact discovery does not close until July 9, 2027, and so neither Stark80 nor Andert will be prejudiced by Andert's addition. (MDL Dkt. 84, at 3.)

## CONCLUSION

Plaintiffs ask the Court to grant leave to file the proposed First Amended Complaint and to join Miguel Pablo Andert as a defendant.

DATED: November 19, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
Bret T. Winterle
Texas Bar No. 24084249
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
winterle@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Oliver J. Richards
CA Bar No. 310972
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
E-mail: ojr@fr.com
Tel: (858) 678-5070
Fax: (858) 678-5099

Glenn D. Bellamy (admitted *pro hac vice*)
WOOD HERRON & EVANS LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

***Attorneys for Plaintiffs***
***ABC IP, LLC, Rare Breed Triggers, Inc., and RBTM LLC***

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), counsel for Plaintiffs, Matthew A. Colvin, conferred with counsel for Stark 80 LLC, John Skeriotis, via video conference on November 17, 2026. Counsel for Stark80 stated that Stark80 opposes this Motion because, in its view, no proposed pleading could allege sufficient facts connecting Mr. Andert to the alleged infringement. Discussions ended at an impasse. Mr. Andert is not yet a party and is not represented by counsel in this action.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 19, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin